ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/17/2015 3:35:20 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00583-CV

In the First Court of Appeals

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/17/2015 3:35:20 PM
CHRISTOPHER A. PRINE
Clerk

THE HONORABLE MARK HENRY, COUNTY JUDGE OF

GALVESTON COUNTY,

*Appellant*

v.

THE HONORABLE LONNIE COX,

*Appellee*

From the 56th Judicial District Court of

Galveston County, Texas, Cause No. 15CV0583

APPELLEE'S MOTION TO ENFORCE TEMPORARY
INJUNCTION AND FOR CONTEMPT UNDER TRAP 29.3 and 29.4

Mark W. Stevens
TBN 19184300
PO Box 8118
Galveston, TX 77553
409.765.6306
Fax 409.765.6469
Email: markwandstev@sbcglobal.net
Counsel for Appelle The Hon. Lonnie Cox

1

## APPELLEE'S MOTION TO ENFORCE TEMPORARY INJUNCTION AND FOR CONTEMPT UNDER TRAP 29,3 and 29.4

Appellee, the Honorable Lonnie Cox requests enforcement of the Temporary Injunction entered by the Hon. Sharolyn Wood in Case No. 15CV0583, Lonnie Cox v. Mark Henry, in the 56th District Court, and in particular requests enforcement by means of contempt as against Appellant, the Honorable Mark A. Henry, County Judge of Galveston County, and others, and would show as follows.

This Motion and the Motion for Emergency Relief filed herewith are made necessary by the failure of Appellant Henry and those acting in concert with him or at his administrative direction to fully implement the order of July 6, 2015; by the failure to pay Bonnie Quiroga as ordered, and most recently the action taken on July 16, 2015 of removing Bonnie Quiroga's name from the payroll as to checks which were to have been issued on Tuesday, July 21, 2015. Present information is that the cancellation of Ms. Quiroga's pay was done at the direction of the Galveston County Legal Department whose Director, Mr. Robert Boemer, is an at will employee who serves at the pleasure of Appellant.

The latest actions come close on the heels of a letter received at approximately 4:00p.m. or thereafter on Tuesday, July 14, 2015, attached hereto as Exhibit "A", from Joseph M. Nixon with the firm of Beirne Parson & Maynard

2

LLP of Houston, Texas, who now purports to represent Appellant Mark Henry in the District Court case No. 15CV0583. Pointedly, Mr. Nixon has not actually entered an appearance in the District Court and does not claim to represent Appellant Henry in the present action.

Background

The original notice of appeal was filed on the same date on which the order of Temporary Injunction by Visiting Judge Sharolyn Wood was entered, i.e., July 6, 2015. Shortly thereafter, a Motion for Emergency Stay was filed, and was overruled within about two days.

In the interval, Appellant and others refused to fully and promptly implement the Order of Judge Wood. For example, although Ms. Quiroga returned to work on Tuesday, July 7, 2015, it took approximately a week for her to receive computer or telephone services, as ordered. More significantly, the Galveston County Director of Human Resources, Peri Bluemer, appeared to be delaying in getting directed payments to Ms. Quiroga paid. Various quibbles were raised by Ms. Bluemer over paperwork—e.g., demanding on bank data when such data was already on file, and requiring Ms. Quiroga to attend an orientation meeting for "new" employees, etc.

The reason for that delay became evident on July 14 with the letter of Mr. Joseph Nixon, Exhibit "A" hereto. Mr. Nixon advises that he is now representing

3

Mark A. Henry in the trial court, i.e., in Case No. 15CV0583, Lonnie Cox v. Mark Henry, in the 56th District Court.

Mr. Nixon's letter, Exhibit "A", is an astonishing act of defiance. The letter flatly states that Ms. Quiroga is not an employee of Galveston County, and that she will be denied access to her working space and equipment, which had been previously—if grudgingly--provided. The letter contains a threat against any effort to enforce the Temporary Injunction of July 6, 2015, although it stops short of attempting to prohibit any filings with this Honorable Court.

The extent of circulation of the Letter, Exhibit A, is not fully known. However, it is known that a copy of the letter and its attachment (the recent notice of appeal), was emailed to Galveston County Sheriff Henry Trochessett on the morning of of July 15, 2015. The provision of the order to Sheriff Trochessett ("FYI") appears to have been a veiled --and unsuccessful-- effort to direct Sheriff Trochessett to bar the Office of the Director of Justice Administration.

As of Thursday, July 16, 2015, Ms. Quiroga still has access to the Office of the Director of Justice Administration. She has a county computer and phone, but is having difficulty accessing various files, with the explanation given that a "server" is being changed.

However, as of Thursday, July 16, 2015, Ms. Quiroga has not been paid and there is no indication that she will be paid, especially in light of the letter, Exhibit "A", recently sent and the recent removal of her name from the July 21 payroll list.

## TRAP 29.3 and 29.4

The July 14 Letter, Exhibit "A", stops short in its reading of Texas Rule of Appellate Procedure 29 and in particular Rules 29.3 and 29.4, which contain the proper guidance and authority.    Texas Rule of Appellate Procedure 29.3 states:

> **Temporary Orders of Appellate Courts.** When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

TRAP 29.4 is more directly applicable to this case:

> **Enforcement of Temporary Orders.** While an appeal from an interlocutory order is pending, only the appellate court in which the appeal is pending may enforce the order. But the appellate court may refer any enforcement proceeding to the trial court with instructions to:
> (a) Hear evidence and grant appropriate relief; or
> (b) Make findings and recommendations and report them to the appellate court.

## Request for Contempt As Against Appellant and Others

Appellee Lonnie Cox requests that this Honorable Court enforce the underlying Temporary Injunction (now on file with the papers of this appeal as CR 329 -341 and further to hold Appellee, the Honorable Mark A. Henry, County Judge of Galveston County, Texas, and all others found to be acting in concert with Appellant guilty of contempt. In this regard, contemnors are alleged to include the following persons:

- County Judge and Appellant Mark A. Henry;

- County Commissioner Ryan Dennard;

- County Commissioner Stephen Holmes;

- County Commissioner Ken Clark;

- Director of Human Resources Peri Bluemer;

- Robert Boemer, Director, Galveston County Legal Department;

- Mr. Joseph M. Nixon, author of Exhibit "A"; and

- James P. Allison.

In the present circumstance, it is clear that Appellant Henry is bent upon

a campaign of attrition and defiance, attempting to have his own way regardless of the consequences to others and in open defiance of the temporary injunction issued by Judge Wood.

Appellee and his counsel respect the principle that opposing counsel should not be gratuitously criticized. However, Appellant Henry has been abetted in these efforts by several lawyers, listed above, in ways which exceed the bounds of zealous representation.

This litigation actually began in October of 2014, when County Judge Mark A. Henry and all of the Commissioners Court authorized the firm of Allison, Bass & Magee to file a mandamus action in this court, No. 01-14-00820-CV. As found by Judge Wood, Order of Temporary Injunction, CR 329 at 332, that mandamus was initiated to prevent the Attorney General of Texas from issuing a requested opinion. *("In response, respondent Henry hired a litigation attorney to bring a mandamus action in the appellate courts attacking Judge Cox's September 24th order, informing the Attorney General's Office of the litigation to terminate the request for an opinion on the growing dispute as to the rights of the judiciary.")* That finding was based on the fact that, two days after the mandamus petition was filed in No. 01-14-00820-CV, Mr. James Allison sent a letter to the Attorney General (admitted as Defense Exhibit 39 before the trial court and now on file with the Reporter's record), and then suggesting that "litigation" was pending and that

7

the Attorney General's office should not issue the opinion which had recently been requested by the Office of Court Administration. Significantly, Mr. Allison's letter, Defense Exhibit 39, was **not** copied to Appellee, Judge Lonnie Cox.

A letter from the Attorney General's office (Defense Exhibit 40) issued a few days therafter, advising that no such opinion would be forthcoming. That letter was copied to Judge Cox.

It is clear in retrospect that the actions of County Judge Henry and the other members of the Commissioners Court would have been potentially sanctionable under TRAP 52.11(b)("bringing the petition solely for delay of an underlying proceeding"), i.e., the Attorney General's consideration of the question and resolution of the dispute, including Judge Cox's Order of September 24, 2014).

The initial notice of appeal filed herein did not invoke grounds which would result in an automatic stay. When Appellant's plea for emergency relief was promptly refused by this Court, Appellant appears to have made minor concessions (e.g., office, computer, etc.) and placed Ms. Quiroga on the list for payment on July 21. However, Appellant Henry or others acting in concert with him posted an agenda item for July 14, 2015, possibly for the purpose of approving the position announced in Exhibit "A" and possibly to authorize the employment of Counsel Nixon.. The Agenda item relating to this case reads in full and verbatim as follows:

8

(3)(b). Executive Session. Texas Government Code Section 551.071. Consultation with Attorney: The Commissioners Court will enter into an executive session as permitted under the Texas Open Meetings Act, Chapter 551 of the Texas Government Code, pursuant to Section 551.071 of the Government Code: to seek the advice of its attorney about pending or contemplated litigation or on a matter in which the duty of the attorney to the County under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with the Open Meetings Act relating to 15-CV-0583, The Hon. Lonnie Cox V. The Hon. Mark Henry, County Judge of Galveston County in the 405th Judicial District Court.

However, the Agenda for the meeting of July 14, 2015 did not contain any action item regarding funding for Bonnie Quiroga, i.e., the ostensible reason being given for taking Ms. Quiroga's name off of the list for payments on July 21.

The minor concessions made (desk, office, computer, phone) were a sham, intended only for delay, and with no intention of eventual compliance with the Order of Temporary Injunction of July6, 2015. Simply put, Appellant Henry and others acting in concert with him, see TRCP 683, are attempting to use the "power of the purse" to thwart the trial judges of Galveston County and to flout the Temporary Injunction entered on July 6—and still subject to enforcement by this Court under TRAP 29.1.

Appellant has recently filed an additional Notice of Appeal (appended to Exhibit "A") which invokes Texas Civil Practice and Remedies Code Sec. 51.014(b). However, it is anticipated that the Reporter's Record when filed, will

9

demonstrate that the plea to the jurisdiction was in fact withdrawn on the record, according to the memory of this counsel and Appellee Cox.

## Intervening Harm

Irreparable harm will result if this Court fails to enforce the injunction during appeal. The words and tone of Counsel Nixon's letter make it clear that the Appellant and his fellow commissioners, acting in concert, regard themselves as above the law and the courts, at liberty to completely disregard all existing orders in this matter. Given that attitude, Appellant and Commissioners may attempt to take further actions to establish an alternate "justice administration" department staffed with persons selected by themselves. The record below, when filed, underscore the findings of Judge Wood in her July 6 Order to the effect that the "finalists" selected by Appellant and others were in some instances completely unsuitable for a position of trust and confidence, e.g., an attorney under a probated suspension through the year 2025.

## Official Defiance Cannot be Tolerated

Exhibit "A" appears to have been transmitted shortly after the conclusion of a scheduled meeting of the Commissioners Court on July 14, at which the matter of Ms. Quiroga was on the agenda for executive session. Contrary to the earlier claims by Appellant Henry that he cannot comply, the sequence of events suggests that those acting in active concert with him, TRCP 683, include at least two other

10

members of the Commissioners' Court and "staff" employees who have cooperated in a program of deliberate delay.

No bond or other security should be required in this case, and indeed in matters involving non-monetary relief, the power to set supersedeas remains with the trial court. This issue was most recently briefed in Appellee Cox' recent reply to Appellant Henry's Request for Emergency relief. In *In re State Board for Educator Certification, Relator,* No. 13-0537 (Tex. December 19, 2014)(orig. proceeding), the Texas Supreme Court stated:

> We see no merit in the Board's argument that its right to supersedeas removes a trial court's discretion to enforce its non-money judgment against the State pending appeal. CPRC Section 6.001 simply restates settled law that the State may appeal without filing a bond. Neither it nor TRAP 25.1(h) confers unfettered power to force suspension of the judgment. The Board may appeal without security—this is undisputed—but it has no unqualified right to supersedeas in light of the trial court's discretion under TRAP 24.

In a concluding passage, *In Re State Board* explained the injustice that would result from a contrary holding:

> The state—as yet unsupported by a victory on the merits in any court—wants to strip Montalvo of his livelihood while the appellate process grinds on, and if he manages to regain his professional license after having been kicked out of his profession for years—well, bygones. That's a striking assertion of unbridled executive power—to enforce administrative orders that a trial court has reverse—and TRAP 24.2(a)(3) recognizes the juridiary's authority to say no.

11

That concern is now imminent in this case. Appellant Henry and – obviously—others have officially taken defiant actions which directly challenge the supervisory authority of the District Courts over commissioners courts, Texas Constitution, art. V, Sec. 8.

## Prayer

Appellee Cox prays that this Court issue an order reiterating and enforcing the temporary injunction entered by the trial court on July 6, 2015, and further that this Court remand refer enforcement this case to the District Court for enforcement proceedings under either TRAP 29.4(a) or 29.4(b), with directions to conduct appropriate hearings to determine whether County Judge Mark A. Henry, Commissioner Ryan Dennard, Commissioner Stephen Holmes, Commissioner Ken Clark, County Legal Director Robert Boemer, Human Resources Director Peri Bluemer, Attorney Joseph M. Nixon, Attorney James P. Allison, Attorney Phillip Ledbetter, and Attorney Phillip Magee, should be held in contempt of the 56th District Court and this honorable First Court of Appeals.

Respectfully submitted,

/s/ *Mark W. Stevens*

Mark W. Stevens

TBN 19184300

P. Box 8118

Galveston, Texas 77553

409.765.6306

Fax 409.765.6459

Email: markwandstev@sbcglobal.net

Counsel for

Lonnie Cox of the 56th Judicial District Court

Verification of The Hon. Lonnie Cox

State of Texas

County of Galveston

Before me the undersigned Notary Public came on to be sworn Lonnie Cox who, being sworn, deposes and states as follows:

1. My name is Lonnie Cox. I am the elected judge of the 56th District Court of Galveston County, Texas and serve as the Local Administrative Judge of Galveston County, Texas.

2. As such I have monitored the status of Bonnie Quiroga as Director of Justice Administration and in particular the status of her reinstatement into that position since July 6, 2015.

3. As of July 14, 2015, Ms. Quiroga had access to the required office space, a computer and telephone. The Computer and phone were delayed for several days after the July 6 order, as was access to the office.

13

4. In the interval of July 6 to July 14, Ms. Quiroga was required to submit various papers to the Human Resources office, whose director is Ms. Peri Bluemer. It is my understanding that Ms. Bluemer reports directly to County Judge Mark Henry.

5. As of the morning of July 16, 2016, I had been reliably informed that Ms. Quiroga's name was placed on a list of persons who would be paid either by check or direct deposit on Tuesday, July 21, 2015. I spoke at that time with Mr. Randall Rice of the County Auditor's office, who confirmed that Ms. Quiroga was to be paid.

6. However, on the afternoon of July 16, 2015 I learned that Ms. Quiroga's name had been removed from the "list" for payment on July 21.

7. As of Friday, July 17, 2015 I have been able to determine through Mr. Randall Rice the following:

   A. The direction to remove Ms. Quiroga's name came from the County Legal Department, according to reports received by Mr. Rice. (The director of the County Legal Department is Mr. Robert Boemer, who reports to Judge Henry).

   B. The precise identity of the individual who called the Auditor's office with instructions cannot be determined.

C. The supposed reason for deleting Ms. Quiroga's name from the "list" for July 21 was that there was no money in the current budget, i.e., that money previously appropriated for that office had been applied to other uses.

D. The issue of shortfalls can be handled by a process generally called a "budget amendment", whereby the Commissioners simply pass a resolution authorizing additional funds to a specific purpose.

E. As was explained to me by Mr. Rice, the reason now being given for non- payment is that there was no "budget amendment" placed on the agenda for the July 14 or any earlier meetings.

8. So far as I am aware, nobody has claimed that there is not money available to pay Ms. Quiroga's salary if a budget amendment is passed;

9. Further, it is my understanding, from Mr. Rice, that the budget amendment process is not statutory but is a local procedure followed in Galveston County and possibly a few other counties.

10. As of this date, it appears that Bonnie Quiroga, although reporting for work and otherwise equipped to do so, is not being paid and will not be paid.

11. The original or a true and correct copy of the notarized document will remain in my papers.



*/s/ Lonnie Cox*

---

Lonnie Cox
56th District Court

SWORN TO AND SUBSCRIBED by the said Lonnie Cox on the 17th Day of July, 2015.

*/s/ Notary Public*

Notary Public

DALE W LEE
Notary Public
STATE OF TEXAS
My Comm. Exp. May 9, 2017

SEAL

## Custodial Affidavit of Mark W. Stevens

State of Texas

County of Galveston

Before me the undersigned notary public appeared Mark W. Stevens who, being sworn, deposes and states as follows:

1. My name is Mark W. Stevens. I am an attorney at law, TBN 19184300, and am competent in all respects to make this oath.
2. I represent The Honorable Lonnie Cox in this Case No. 01-15-00583-CV, and represented Judge Cox in the proceedings below, Case No. 15CV0583 in the 56th District Court of Galveston County.
3. The factual statements in this affidavit are true and correct.
4. Exhibit A" hereto is a true and correct copy of the letter received by me via email from the offices of Mr. Joseph M. Nixon at approximately 4:48 pm on Tuesday, July 14, 2015.
5. The notarized original of this instrument remains in my file of the papers of this case.

*/s/ Mark W. Stevens*

SWORN TO AND SUBSCRIBED by the said Mark W. Stevens on the 17th Day of July, 2015.



DALE W LEE
Notary Public
STATE OF TEXAS
My Comm. Exp. May 9, 2017

*/s/ Notary Public*

Notary Public

## Certificate of Compliance

The foregoing instrument in relevant parts contains 3,068 words in Times New Roman Type, with text double spaced and extended quotes in 2.0. The 3,068 figure includes the text of the affidavits of Judge Cox and counsel Stevens

*/s/ Mark W. Stevens*
Mark W. Stevens

## Certificate of Service

The foregoing was efiled and e-mailed PDF to Mr. Edward Friedman on July 17, 2015 at efriedman@bakerlaw.com, and also to James P. Allison (j.allison@allison-bass.com) ; J. Eric Magee (e.magee@allison-bass.com); and Phillip Ledbetter (p.ledbetter@allison-bass.com). An additional copy of this instrument has been served via email to Mr. Joseph M. Nixon at the firm of Bierne, Maynard & Parsons (jnixon@bpmllp.com) and to James P. Allison at j.allison@allison-bass.com.

*/s/ Mark W. Stevens*

Mark W. Stevens

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

JOSEPH M. NIXON

BOARD CERTIFIED
CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

(713) 623-0887

FAX (713) 960-1527

DIRECT DIAL: (713) 871-6809
EMAIL:   JNIXON@BMPLLP.COM

July 14, 2015

Mark W. Stevens
Attorney at Law
P.O. Box 8118
Galveston, Texas 77553

VIA FIRST CLASS MAIL,
CERTIFIED MAIL,
FACSIMILE (409) 765-6459, AND
EMAIL markwandstev@sbcglobal.net

Re:    Cause No. 15CV0583; *The Honorable Lonnie Cox, Local Administrative Judge, Galveston Co. v. The Honorable Mark Henry, County Judge, Galveston County*; in the 56th Judicial District Court of Galveston County, Texas

Dear Mr. Stevens:

I now represent the Honorable Mark Henry in the above-referenced case and have attached for your review a file-stamped copy of the Notice of Appeal which was filed on July 13, 2015. Because the appeal is based upon the court's denial of the plea to the jurisdiction and the trial court's incorrect assumption of subject matter jurisdiction, the entire proceeding, including the application of the temporary injunction, is stayed pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) and (b). You should further note that the filing of the notice of appeal suspended the temporary injunction pursuant to Tex. R. App. P. 29.1 (b) and Tex. Civ. Prac. & Rem Code § 6.001(b)(4).

Accordingly, Ms. Bonnie Quiroga will no longer be allowed access to Galveston County facilities, office or infrastructure other than that which is accessible to the public. She is, of course, not considered an employee of the County, has no job function or duties, and will not receive a salary or benefits from the County.

I realize it is not necessary for you to remind your client that this matter is no longer in either his jurisdiction or the jurisdiction of the trial court, if it ever was. Accordingly, any attempt to unilaterally enforce the temporary injunction by way of a new, ex parte verbal or written order will be met with the most rigorous of opposition utilizing all lawful means necessary to protect the civil rights of those who are County employees.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Joseph M. Nixon

Filed: 7/13/2015 8:13:35 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 6048080
By: Shailja Dixit
7/14/2015 9:35:54 AM

CAUSE NO. 15-CV-0583

| | | |
|---|---|---|
| THE HON. LONNIE COX | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 56TH JUDICIAL DISTRICT |
| | § | |
| THE HON. MARK HENRY, COUNTY | § | |
| JUDGE OF GALVESTON COUNTY, | § | |
| | § | |
| DEFENDANT. | § | GALVESTON COUNTY, TEXAS |

## NOTICE OF APPEAL

Defendant, The Honorable Mark Henry, County Judge of Galveston County, files this Notice of Appeal, pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code and Rules 25.1 and 26.1(b) of the Texas Rules of Appellate Procedure, and would respectfully show the Court as follows:

1. Defendant, The Honorable Mark Henry, County Judge of Galveston County desires to appeal this Court's Order, signed June 23, 2015, that denies his Plea to the Jurisdiction in the above-captioned matter.

2. Defendant appeals to the First or Fourteenth Court of Appeals in Houston Texas. Defendant believes this interlocutory appeal should go to the First Court of Appeals because Defendant has previously filed a related (a) original proceeding, and (b) interlocutory appeal in the First Court of Appeals— both arising from this same case:

   a. No. 01-14-00820-CV; *In re Galveston County Judge Mark Henry, et al.;* and

   b. No. 01-15-00583-CV; *The Honorable Mark henry, Judge of Galveston County v. The Honorable Lonnie Cox.*

EXHIBIT "A" P. 2/4

3.    A copy of this Notice of Appeal has been served on all parties to the proceeding from which this interlocutory appeal is taken. *See* TEX. R. APP. P. 25.1(e), 28.1(b).

4.    This interlocutory appeal is an accelerated appeal under Rule 28.1 of the Texas Rules of Appellate Procedure and is not a parental termination or child protection case. TEX. R. APP. P. 28.1, 25.1(d)(6).

5.    This interlocutory appeal results in an automatic stay of all proceeding in the trial court during the pendency this appeal. TEX. CIV. PRAC. & REM CODE §51.014(b), (c).

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *//s/ Edward L. Friedman*
    Edward L. Friedman
    Texas Bar No. 07462950
    efriedman@bakerlaw.com
    811 Main Street
    Suite 1100
    Houston, Texas 77002-6111
    Telephone: 713.751.1600
    Facsimile: 713.751.1717

Attorney for Defendant
The Honorable Judge Mark Henry

Exhibit "A" P. 3/4

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Appeal was sent to all counsel of record by email and facsimile on this 13th day of July, 2015 as follows:

/s/ *Edward L. Friedman*
Attorney for Defendant
The Honorable Judge Mark Henry

Exhibit "A" P. 4/4

3